UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN E FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00470-TWP-TAB |
| ) | |
| BRIAN SMITH Superintendent Indiana State ) | |
| Farm Individually and in Their Official ) | |
| Capacities, ) | |
| S SALIRO Sat Indiana Stats Farm ) | |
| Individually and in their official capacities, ) | |
| BRUCE LEMMON Commissioner ) | |
| Individually and in their Official Capacities, ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION Individually and in their ) | |
| Official Capacities, ) | |
| STATE OF INDIANA PAROLE BOARD ) | |
| Individually and in their Official Capacities, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff John E. Fletcher brings this action pursuant to 42 U.S.C. § 1983 alleging that another offender assaulted him and the defendants failed to prevent this assault. His claims are brought under the Eighth Amendment of the United States Constitution.

**I. Screening of the Complaint**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, the claim that Sergeant S. Saliro failed to protect the plaintiff from assault **shall proceed** against Sergeant S. Saliro in his individual capacity. The claim against Bruce Lemmon and Brian Smith that these defendants were aware that there were insufficient guards assigned to the plaintiff's prison unit, but failed to remedy the risk, **shall proceed** against Bruce Lemmon and Brian Smith in their individual capacities.

Any claim against the Indiana Department of Correction is **dismissed** because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). For the same reason, any claim against the defendants in their official capacities is also **dismissed**.

Finally, any claim against the State of Indiana Parole Board related to the failure to release the plaintiff on parole must be **dismissed**. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an

available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). Because this action is brought as a civil rights action, the habeas claim against the Parole Board cannot proceed. Further, such claim is subject to dismissal for the addition reason that it is improperly joined with the plaintiff's failure to protect claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . .").

## II. Conclusion

For the reasons discussed above, the plaintiff's claim that defendants Brian Smith, S. Saliro, and Bruce Lemmon failed to protect him from harm **shall proceed** against these defendants in their individual capacities. All other claims are **dismissed**. If the plaintiff believes he raised a claim not addressed in this Entry, he shall have **through May 10, 2016**, in which to notify the Court

The clerk is designated pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendants Smith, Saliro, and Lemmon in the manner specified by Rule 4(d). Process shall consist of the complaint applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/14/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN E FLETCHER
864190
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Brian Smith
S. Saliro
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

Bruce Lemmon
Indiana Department of Correction
302 W. Washington Street
Indianapolis, IN 46204